UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RODERICK WISE, an individual,<br><br>          Plaintiff,<br><br>    v.<br><br>SOUTHERN TIER EXPRESS, INC., a New York corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,,<br><br>          Defendants. | Case No. 2:15-cv-01219-APG-PAL<br><br>**ORDER DENYING MOTION TO CHANGE VENUE**<br><br>(Dkt. #6) |

Defendant Southern Tier Express, Inc. moved to change the venue of this case to the Northern District of New York. (Dkt. #6.) Because the convenience of the parties and witnesses are not served by transfer, and because the interests of justice do not support transfer, I deny the motion.

A plaintiff's choice of forum should "rarely be disturbed." *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d. 656 (9th Cir. 2009). "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). However, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

    A motion to transfer venue under §1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. . . . We also conclude that

> the relevant public policy of the forum state, if any, is at least as significant a factor in the §1404(a) balancing.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (citations omitted).

No contracts or agreements are at issue in the present case. The accident at issue occurred in New York, but Southern Tier has not identified any particular areas of New York law that are substantially different from Nevada law or which would be difficult for me to grasp. Plaintiff obviously chose Nevada as the forum for this litigation, and he apparently has no contacts with New York other than the bad fortune of being injured there. Southern Tier apparently is a national transportation company that operates throughout the company. (Dkt. #7-1 at 2-6.) It should not be difficult for it to litigate in Nevada, while plaintiff, an individual, would face significant difficulties and expenses litigating his claims in New York.

With regard to the location of witnesses and sources of proof, plaintiff has received all of his medical treatment in Nevada. (Dkt. #7 at 9:12-14.) Thus, plaintiff's damages witnesses (and their records) are located in Nevada, and it will be difficult and expensive to arrange for them to travel to New York to testify at trial.[1] If Southern Tier wants to compel plaintiff to undergo an Independent Medical Exam, that will occur in Nevada and that examiner likewise would have to travel to New York to testify. On the other hand, it appears that few witnesses are located in New York. Southern Tier contends that its 30(b)(6) witnesses and the driver of the truck that struck plaintiff are located in New York. But Southern Tier offers no specifics regarding how many 30(b)(6) witnesses will be needed and "the nature and quality of their testimony in relationship to the issues of the case." *Midwest Precision Services v. PTM Industries*, 574 F.Supp. 657, 659 (N.D.Ill. 1983). Moreover, if plaintiff was sleeping in his parked truck at the time of the accident as he contends (Dkt. #7 at 2:23-27), the issue of liability should require far fewer witnesses than the issue of damages.

---

[1] Southern Tier contends that plaintiff has "a significant preexisting history which is based up in Salt Lake City, Utah and likely in Denver, Colorado." (Dkt. #12 at 2:15-19.) This does not support transfer to New York, which is Southern Tier's burden to prove.

Because New York does not have subpoena power over Nevada residents, plaintiff cannot compel his witnesses to testify at a trial in New York. On the other hand, because Southern Tier's 30(b)(6) witnesses—and perhaps the driver—are employees of Southern Tier, it should be able to compel and pay for their attendance in trial in Nevada. Finally, neither party has identified any public policies of Nevada or New York that may be affected by this litigation.

Balancing all of these factors, this case should remain in Nevada. It is more fair and just for Southern Tier, a national transportation company, to defend itself in Nevada than it is for plaintiff to bear the significant and expensive burdens of litigating his claims in New York. The plaintiff's choice of forum is due significant deference, and the convenience of the parties and witnesses would not be served by transferring this case to New York.

IT IS THEREFORE ORDERED that defendant Southern Tier's motion to change venue (Dkt. #6) is DENIED.

DATED this 25th day of November, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE