UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RODERICK WISE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN TIER EXPRESS, INC., a New York corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:15-cv-01219-APG-PAL<br><br>**ORDER DENYING MOTIONS IN LIMINE**<br><br>(ECF Nos. 55, 61-74) |

The parties have filed several motions in limine. The affidavit attached to defendant Southern Tier Express, Inc.'s motion says that a "meet and confer" was scheduled but that the plaintiff's lawyer was unavailable to participate. ECF No. 55 at 2. The affidavits attached to the plaintiff's motions reports that the "parties were able to have general email correspondence on the potential motions in limine but were unable to find a mutual agreeable time to discuss the matters." *See, e.g.,* ECF No. 61 at 3.

The resolution of these motions is easily dictated by Local Rule 16-3(a), which states: "Motions in limine will not be considered unless the movant attaches a statement certifying that the parties have participated in the meet-and-confer process and have been unable to resolve the matter without court action." If the lawyers are too busy or unconcerned about the issues to discuss them, then I am too busy and unconcerned to resolve them for them. Most of the motions appear on their face to be easily resolved by a conference between the lawyers. That is why the Local Rule requires actual, not feigned, dialogue before punting to the court. Accordingly, all of the motions in limine **(ECF Nos. 55, 61-74) are DENIED WITHOUT PREJUDICE.** The parties may file new motions in limine if they can comply with the rules.

DATED this 13th day of January, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE