# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RODERICK WISE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN TIER EXPRESS, INC., a New York corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:15-cv-01219-APG-PAL<br><br>**ORDER GRANTING MOTION IN LIMINE NO. 1 (Prior Conviction)**<br><br>(ECF No. 79) |

Plaintiff Roderick Wise has moved to exclude evidence of his "prior felony conviction, criminal record, and any other wrongful act." ECF No. 79. The motion refers only to a 2012 felony conviction for assault and related papers regarding the underlying 2010 incident.

Federal Rule of Evidence 609(a) generally allows the admission of such evidence in this situation, unless it would be barred by Rule 403. Thus, I must balance the probative value of the impeaching conviction against the danger of unfair prejudice. Evidence of a felony conviction would likely taint the jury against Wise; thus, there is significant risk of unfair prejudice. There is little probative value to the conviction. Wise's credibility will be important, as he likely will testify about how his injury occurred and the resulting effects on his life. However, his conviction for assaulting his roommate has little relation to veracity. Nor is it similar to the issues presented in this case. The fact that Wise (in the defendant's opinion) "presented a rather bizarre story" at his criminal trial (ECF No. 97 at 4-5) does not render his conviction for assault probative of his credibility. Therefore, Wise's motion in limine **(ECF No. 79) is GRANTED**. However, should Wise offer evidence at trial that renders his conviction more probative, the defendant may ask me to reconsider this decision outside the presence of the jury.

DATED this 10th day of July, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE