# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RODERICK WISE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN TIER EXPRESS, INC., a New York corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:15-cv-01219-APG-PAL<br><br>**ORDER GRANTING IN PART MOTION IN LIMINE NO. 8 (LIENS, LOANS, AND ADVANCES)**<br><br>(ECF No. 84) |

Plaintiff Roderick Wise seeks to exclude "any reference to any liens, loans, or pre-settlement advances by Mr. Wise." ECF No. 84. Whether Wise has had to borrow money because he cannot work is irrelevant to the issues to be tried in this case. The defendant contends that Wise's loans show he "had a financial motivation for obtaining an attorney and treating (so he could take loans out against his case that he needed immediately) and incentive to testify in a certain manner to pay back those loans." ECF No. 102 at 3. But injury victims often retain attorneys and treat with physicians for legitimate purposes (e.g., physical and monetary recovery from their injuries). The fact that Wise had financial difficulties because he could not drive after this accident has little if any probative value. Thus, evidence of loans or advances is not admissible at trial.

However, evidence of medical liens is admissible. The Supreme Court of Nevada has held that evidence of medical liens is admissible to prove bias, and "does not invoke the collateral source rule." *Khoury v. Seastrand*, 377 P.3d 81, 94 (Nev. 2016). The existence of a lien could implicate the lienholder's credibility (i.e., whether the lien-holding witness is testifying a certain way to help the plaintiff recover funds to pay the lien). I therefore will not preclude the defendant from asking Wise's witnesses whether they hold a medical lien and in what amount. Nor will I preclude the defendants from arguing that lien-holding witnesses may be biased because they

have an incentive to assist Wise in maximizing recovery. An expert's compensation is relevant and admissible as it may impact bias.

Therefore, Wise's motion in limine **(ECF No. 84) is GRANTED IN PART and DENIED IN PART** as set forth above.

DATED this 10th day of July, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE