**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| RODERICK WISE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN TIER EXPRESS, INC., a New York corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:15-cv-01219-APG-PAL<br><br>**ORDER GRANTING IN PART MOTION IN LIMINE NO. 13 (MALINGERING OR SECONDARY GAIN)**<br><br>(ECF No. 87) |

Plaintiff Roderick Wise moves to exclude testimony about or reference to his alleged malingering or desire for secondary gain. ECF No. 87. Wise is primarily concerned that Southern Tier's expert, Dr. Hugh Selznick, will attempt to discredit Wise's injuries and pain by testifying that Wise is lying about or exaggerating the extent of his symptoms or is motivated by secondary gain. Wise generally argues that because Selznick is not a psychologist or psychiatrist he cannot testify that Wise is magnifying symptoms or has secondary gain motives. Wise also argues that such opinions invade the province of the jury because it is an opinion about Wise's motivations and the jury is the sole judge of credibility.

Southern Tier responds that a doctor can testify as to whether there is objective evidence of injury as opposed to purely subjective complaints of pain, and can also testify to contradictory findings upon physical examination that suggest a person's pain could be psychological in nature. ECF No. 107. Southern Tier also argues that there is significant evidence that Wise is malingering or has secondary financial motivation, and that the such evidence is relevant to the jury's determination as to whether, and how much, to award Wise.

Dr. Selznick is permitted to point out that Wise's reporting of pain was inconsistent with objective medical criteria. He also may point out inconsistencies between Wise's reported history and objective evidence. But he may not opine that the reason these inconsistencies exist is

because Wise is motivated by secondary gain. Doing so would invade the province of the jury to determine credibility. *See, e.g.*, *United States v. Geston*, 299 F.3d 1130, 1136 (9th Cir. 2002) (making credibility determinations is "the jurors' responsibility"). Selznick therefore cannot testify about "secondary gain" or offer opinions on Wise's motivations.

However, I will not preclude defense counsel from arguing that a reasonable inference from those inconsistencies is that Wise was seeking to better his position in this lawsuit. Counsel is entitled to make arguments based on reasonable inferences from the evidence elicited at trial. Depending on the evidence presented, it may be reasonable to infer that Wise sought to improve his position in this lawsuit through exaggerated claims of pain that are not supported by the objective evidence, or that he sought to avoid jeopardizing his lawsuit by not fully disclosing his history.

I therefore grant in part and deny in part Wise's motion on this issue. Dr. Selznick may testify about inconsistencies, but he may not testify about "secondary gain" or ascribe to Wise motivations for those inconsistencies. That is for the jury to decide. But defense counsel may argue in closing, if the evidence supports a reasonable inference, that those inconsistencies were the product of Wise's desire to strengthen his position in litigation.

Therefore, Wise's motion in limine **(ECF No. 87) is GRANTED IN PART.**

DATED this 10th day of July, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE