|     |     |
| --- | --- |
| 1   | **UNITED STATES DISTRICT COURT** |
| 2   | **DISTRICT OF NEVADA** |
| 3   | * * * |

| | |
|---|---|
| RODERICK WISE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN TIER EXPRESS, INC., a New York corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:15-cv-01219-APG-PAL<br><br>**ORDER DENYING MOTION IN LIMINE NO. 14 (WHEN PLAINTIFF RETAINED COUNSEL)**<br><br>(ECF No. 88) |

Plaintiff Roderick Wise moves to exclude testimony as to when he retained counsel. ECF No. 88. He argues that this information is irrelevant to the issues to be tried, and is protected by the attorney-client privilege. Defendant Southern Tier disagrees. ECF No. 106.

The "party asserting the attorney-client privilege has the burden of establishing the [existence of an attorney-client] relationship and the privileged nature of the communication." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (quotation and emphasis omitted). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Id.* (quotation omitted). Courts typically employ an eight-part test to determine whether the attorney-client privilege applies:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Id.* (quotation omitted).

Wise has not met his burden of showing that the date he retained counsel is protected by the attorney-client privilege. Wise contends that the date he hired his attorney necessarily reveals his communication to the lawyer that he wanted to hire him. But he cites no authority in support of this proposition. The fact that he hired an attorney to represent him in relation to the accident

has been publicly divulged through this litigation. Identifying the date Wise contacted or hired his attorney discloses an act, not the substance of a confidential communication. Consequently, the dates when Wise contacted and hired his attorney are not privileged.

As to relevance, I agree with other judges in this District that have concluded the weight to be given this evidence is for the jury to resolve. *Roberts v. Smith's Food & Drug Ctrs., Inc.*, No. 2:11-cv-01917-JCM-GWF, 2014 U.S. Dist. LEXIS 72609, at *11-12 (D. Nev. May 28, 2014); *Badger v. Wal-Mart Stores, Inc.*, No. 2:11-cv-01609-KJD-CWH, 2013 U.S. Dist. LEXIS 91216, at *22-23 (D. Nev. June 28, 2013).

Therefore, Wise's motion in limine **(ECF No. 88) is DENIED.**

DATED this 10th day of July, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE