|   |   |   |
|---|---|---|
| 1 | | UNITED STATES DISTRICT COURT |
| 2 | | DISTRICT OF NEVADA |
| 3 | | * * * |

| | |
|---|---|
| RODERICK WISE, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>SOUTHERN TIER EXPRESS, INC., a New York corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>  Defendants. | Case No. 2:15-cv-01219-APG-PAL<br><br>**ORDER DENYING DEFENDANT'S OMNIBUS MOTION IN LIMINE**<br><br>(ECF No. 90) |

Defendant Southern Tier Express, Inc. filed a seven-part omnibus motion in limine. ECF No. 90. I deny Southern Tier's requests, as set forth below.

<u>Motion in Limine #1: Memory Issues/Memory Loss</u>

Southern Tier requests that I preclude any opinion or argument that plaintiff Wise suffers from memory issues or memory loss. Wise and a few percipient witnesses have testified at deposition that Wise suffers from memory loss. One of Wise's experts, Dr. Gross, testified that the records he reviewed indicate Wise has suffered from memory issues prior to and after the accident. However, it is unclear whether Dr. Gross or any other medical expert has diagnosed or opined on the cause or extent of Wise's alleged memory loss. At trial, no expert will be permitted to testify as to a diagnosis of memory loss unless that opinion was previously disclosed in a report as required by the relevant discovery rules. Objections to testimony from percipient witnesses about Wise's memory issues will be addressed as they arise during the trial. This portion of the motion is denied.

<u>Motion in Limine #2: Dr. Gross's testimony regarding causation</u>

Southern Tier next moves to preclude Dr. Gross from testifying during Wise's case-in-chief because he was designated only as a rebuttal expert. ECF No. 90 at 17. Southern Tier overlooks Wise's earlier designation of Dr. Gross as a primary expert. *See* ECF No. 111-11 at

11.[1] Southern Tier also contends that testimony from Dr. Gross will be duplicative of testimony from Dr. Cash. Drs. Cash and Gross have different medical disciplines. At this stage I cannot determine whether their testimonies will be duplicative. All parties are warned that duplicative testimony will not be permitted at trial. The parties are to streamline their trial presentations to avoid redundancy, especially regarding expert testimony. This portion of the motion is denied.

Motion in Limine #3: Dr. Cash's opinions regarding causation

Southern Tier moves to preclude Dr. Cash from testifying about causation because his report allegedly contains no elaboration on this issue. ECF No. 90 at 20. Southern Tier apparently overlooks Dr. Cash's explanations in his report. See June 23, 2016 report at p. 132.[2] Southern Tier has had several opportunities to depose Dr. Cash. Any alleged deficiencies in his report pointed out by Southern Tier go to weight, not admissibility. I deny this portion of Southern Tier's motion.

Motion in Limine #4: Enrique Vega's opinions and testimony

Southern Tier objects to Mr. Vega's testimony because it apparently is based upon an inaccurate or incomplete work history for Mr. Wise. ECF No. 90 at 20-22. As with Dr. Cash's work, the alleged deficiencies in Mr. Vega's report go to weight, not admissibility. I deny this portion of Southern Tier's motion.

Motion in Limine #5: Gerrie Springston's opinions and testimony

Southern Tier seeks to limit the testimony from Ms. Springston because Mr. Wise's living conditions have changed since she prepared her life care plan, making some of it no longer relevant. Wise seems to agree that if his living arrangements are different at the time of trial, it may impact Ms. Springston's testimony. ECF No. 111 at 20:12-14. At this point, I deny Southern

---

[1] This is further evidence that the lawyers did not engage in a proper "meet-and-confer" as I required. *See* my order regarding ECF No. 86 (motion in limine regarding biomechanics). Had they done so, Wise's lawyer could have pointed this out to Southern Tier's counsel, thereby avoiding this portion of the motion.

[2] Again, the lawyers apparently did not engage in a true "meet-and-confer." *See* fn. 1 above.

Tier's motion without prejudice, but order the parties to confer before calendar call to determine what portions of Ms. Springston's report have become obsolete. The parties will update the court with a joint brief on this issue one week before calendar call.

Motion in Limine #6: Treating physicians' opinions and testimony

Southern Tier seeks to limit the testimony from Drs. Cash and Gross to only their treatment of Mr. Wise (and related billings) and not to "opinions derived outside the scope of their records and personal care of" Mr. Wise. ECF No. 90 at 24. Again, Southern Tier ignores that both Drs. Cash and Gross have been designated as both primary and rebuttal experts and their reports have been produced. *See* fn. 1 above. They are permitted to testify to the information and opinions contained in their reports.

Motion in Limine #7: Adverse inference regarding the trailer

Southern Tier requests that I issue to the jury an adverse evidentiary instruction because Southern Tier "has never had the opportunity to inspect the cab and bunks of the trailer" involved in the accident. *Id*. at 24. But as Wise points out, Southern Tier's third-party claim adjuster (Spring Mountain Appraisers & Adjusters) inspected the vehicle, prepared a written damage estimate, and paid Wise for the property damage. *See* ECF No. 111-28 (Exh. 22). Southern Tier apparently did nothing further to seek a second inspection until very late in the discovery period, by which time the vehicle had been repaired and sold. ECF No. 111-30 (Exh. 24). Wise's actions in repairing and selling the vehicle appear reasonable. Southern Tier was on notice that a repair was likely (because its insurer paid for the property damages) but it did not timely request a second inspection. Southern Tier is not entitled to an adverse inference instruction, so that portion of the motion will be denied.

IT IS HEREBY ORDERED that Southern Tier's motion in limine **(ECF No. 90) is DENIED** as set forth above.

////

////

////

IT IS FURTHER ORDERED that the parties are to confer before calendar call to determine what portions of Ms. Springston's life care plan have become obsolete. The parties will update the court with a joint brief on this issue **one week before calendar call**.

DATED this 10th day of July, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE